IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LONNIE LEE POSLOF, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINA RHEE, THE LEGAL FUNDING GROUP OF GEORGIA, and DOES 1–20,<br><br>    Defendants. | CIVIL ACTION NO.: 4:25-cv-106 |

**O R D E R**

Plaintiff has failed to comply with this Court's November 21, 2025 Order.  Doc. 39.  As discussed in further detail below, I **DISMISS without prejudice** Plaintiff's Complaint, as amended, docs. 1, 36, for failure to follow this Court's Order, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]  I **DENY as moot** the pending Motions in this case.  Docs. 24, 25, 26, 28, 29, 30, 37, 38, 40, 41.

BACKGROUND

Plaintiff, proceeding pro se, submitted a Complaint.  Doc. 1.  Plaintiff asserts claims arising under California law and seeking arbitration under the Federal Arbitration Act ("FAA").  Id.  Plaintiff also states that he also wishes to bring the case under various federal civil rights

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted).  As noted elsewhere, the Court forewarned Plaintiff his failure to comply with the Court's Order would result in the dismissal of his case.  Doc. 39.

laws.  Id.  Plaintiff moved to proceed *in forma pauperis*, which I granted on June 13, 2025.[2]  Docs. 2, 8.  Plaintiff later filed a motion to amend, doc. 31, which the Court also granted.  Doc. 35.

Plaintiff states in his Amended Complaint that he wishes to "proceed under" the FAA "instead of . . . 42 U.S.C. §§[] 1983, 1985, [and] 1988[.]"  Doc. 36 at 1.  Plaintiff asserts that this Court has federal question jurisdiction under "9 U.S.C. §§ 1[ and] 4 . . . for arbitration determination."  Id. at 2.  Because it was unclear whether this Court has jurisdiction over Plaintiff's claims, I ordered Plaintiff to show cause why the Court should not dismiss this case without prejudice for lack of subject-matter jurisdiction on November 21, 2025.  Doc. 39.  The Court warned Plaintiff that failure to comply with this Order within 14 days or show cause why he could not comply would result in the dismissal of his cause of action for failure to follow this Court's Order.  Id. at 1–2.  Plaintiff has not appropriately responded to this Court's November 21, 2025 Order.[3]

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order.  For the reasons set forth below, the Court **DISMISSES without prejudice** Plaintiff's Complaint, as amended, and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

---

[2]     Plaintiff has consented to the undersigned's plenary review.  Doc. 5.

[3]     Two of Plaintiff's submissions were docketed after this Court's November 21, 2025 Order.  Neither submission is responsive to the Order.  First, Plaintiff filed a Motion to Compel Arbitration and to Compel Defendants to answer his Complaint.  Doc. 40.  However, Plaintiff likely completed and filed this Motion to Compel Arbitration before he received my Order to show cause.  Id.  In his second filing, Plaintiff explains that he received the November 21, 2025 Order, but he fails to provide any of the information requested in my Order.  Doc. 41.  Instead, Plaintiff states that his contract with Defendants has an arbitration clause, and he expresses some confusion about how to proceed.

I.      **Dismissal for Failure to Follow This Court's Order**

A district court may dismiss a plaintiff's claims sua sponte based on either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[4] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62

---

[4]     In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff his failure to comply with the Court's Order could result in dismissal of this action.  Doc. 39.

F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–803.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

With Plaintiff having failed to comply with the Court's Order, the Court cannot move forward with this case.  Moreover, Plaintiff was given notice of the consequences of his failure to follow the Court's Order, and Plaintiff has not done so.  Thus, the Court **DISMISSES without prejudice** Plaintiff's cause of action for failure to follow this Court's Order and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **DISMISS without prejudice** Plaintiff's Complaint, as amended, for failure to follow this Court's Order, **DIRECT** the Clerk of Court to **CLOSE** this

case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.  I **DENY as moot** any pending Motions.

**SO ORDERED**, this 21st day of January, 2026.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　BENJAMIN W. CHEESBRO
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　SOUTHERN DISTRICT OF GEORGIA